16-2062-cv
*Delamota v. City of New York, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand seventeen.**

PRESENT:    JOSÉ A. CABRANES,
            RICHARD C. WESLEY,
                    *Circuit Judges*,
            VICTOR MARRERO,
                    *District Judge.*[*]

SEBASTIAN DELAMOTA,

                *Plaintiff-Appellant*,                 16-2062-cv

                v.

THE CITY OF NEW YORK, BRUCH KOCH, RICHARD A. BROWN, PAUL SCOTTI,

                *Defendants-Appellees.*[1]

**FOR PLAINTIFF-APPELLANT:**                 Richard Gross, Rubert & Gross, P.C.,
                                             Rose M. Weber, New York, NY.

---

    [*] Judge Victor Marrero, of the United States District Court for the Southern District of New York, sitting by designation.

    [1] The Clerk of Court is directed to amend the caption as shown above.

1

**FOR DEFENDANTS-APPELLEES:**　　　　　Fay Ng and Melanie T. West, of Counsel, *for* Zachary W. Carter, Corporation Counsel for the City of New York, New York, NY.

　　　Appeal from a May 24, 2016 order of the United States District Court for the Eastern District of New York (Nina Gershon, *Judge*).

　　　**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

　　　Plaintiff-appellant Sebastian Delamota appeals from a May 24, 2016 order dismissing his 42 U.S.C. §§ 1983, 1985, and 1986 claims against the City of New York (the "City"), New York Police Department Detective Bruce Koch, Queens County District Attorney Richard A. Brown, and Assistant District Attorney Paul Scotti. Delamota's complaint arose from his 2007 conviction for robbery, which was reversed by the New York Court of Appeals on the ground that the photo array used to identify him was unduly suggestive. *See People v. Delamota*, 18 N.Y.3d 107, 117–18 (2011). On appeal, Delamota contends that the District Court erred in dismissing five of his § 1983 claims under Rule 12(b)(6), Fed. R. Civ. P.[1] We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

　　　We review *de novo* a dismissal of a complaint under Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

[1] Delamota conceded below that his claims for false arrest and false imprisonment were time-barred, and that his claims against DA Brown in his personal capacity were barred by absolute immunity. Delamota also withdrew his claim for failure to intervene against ADA Scotti and his claim for unreasonably prolonged prosecution against all defendants. On appeal, Delamota has abandoned all claims against DA Brown, as well as all his claims for failure to investigate, failure to intervene, and *Brady* violations. In addition, we find Delamota's conspiracy claim against the defendants waived as he has not briefed the claim on appeal. *See Chabad Lubavitch of Litchfield Cty., Inc. v. Litchfield Historic Dist. Comm'n*, 768 F.3d 183, 200 (2d Cir. 2014).

Delamota first argues that the District Court erred in dismissing his malicious prosecution claim. The District Court dismissed the claim on the ground that there was probable cause for the proceeding. "To establish a malicious prosecution claim under New York law [or 42 U.S.C. § 1983], a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (internal quotation marks omitted). "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York, and indictment by a grand jury creates a presumption of probable cause." *Id.* at 161–62 (internal quotation marks and citations omitted). This presumption is rebuttable "only by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Id.* at 162 (internal quotation marks omitted).

We find no error in the District Court's dismissal of Delamota's malicious prosecution claim. Delamota's indictment by a grand jury creates a presumption of probable cause and we agree with the District Court that the allegations in the complaint fail to rebut this presumption. At most, the allegations permit an inference that Detective Koch performed subpar police work when conducting the photo array used to identify Delamota, not an inference of conduct rising to the level of fraud, perjury, suppression of evidence, or other bad faith.

Second, Delamota argues that the District Court erred in dismissing his due process claim under the Fourteenth Amendment. Delamota bases his claim on his allegation that Detective Koch fabricated evidence that he then forwarded to ADA Scotti and the grand jury. "When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983."[2] *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997). We agree with the District Court that Delamota's complaint does not sufficiently specify any fabricated evidence. The complaint contains no facts that give rise to an inference that Detective Koch knew that the witness's son and initial translator, Juan Jr., might be acquainted with Delamota, or that Juan Jr. could otherwise not be trusted to interpret his father during the photo array. Delamota's reliance on *Bermudez v. City of New York*, 790 F.3d 368 (2d Cir. 2015), is inapposite, as that case involved the deliberate coercion of a false identification by police officers.

Third, Delamota contends that the District Court erred in dismissing his claim for § 1983 relief based on the faulty photo array. We disagree. While a constitutional violation occurs when an

---

[2] Delamota's complaint and briefs frame this claim as a denial of procedural and substantive due process rather than a denial of his right to a fair trial.

unduly suggestive identification is admitted at trial, a plaintiff may not recover damages for such a violation if there is an intervening cause of that damage. *See Wray v. City of New York*, 490 F.3d 189, 193–94 (2d Cir. 2007). Here, there is a clear and independent intervening actor—the trial court— that admitted the identification evidence. Indeed, the trial court declined to reopen the suppression hearing even after learning that Juan Jr. was familiar with Delamota. Moreover, Delamota does not allege that the trial court was misled.

Fourth, Delamota contends that the District Court erred by dismissing his unreasonably prolonged detention claim. To prevail on such a claim, a plaintiff must show "(1) that he has a right to be free from continued detention stemming from law enforcement officials' mishandling or suppression of exculpatory evidence, (2) that the actions of the officers violated that right, and (3) that the officers' conduct shocks the conscience." *Russo v. City of Bridgeport*, 479 F.3d 196, 205 (2d Cir. 2007) (internal quotation marks omitted). Here, Delamota has alleged only that Detective Koch withheld information from the District Attorney's office and the grand jury regarding (1) the suggestive nature of the photo array, (2) the fact that Juan Jr. interpreted for his father, and (3) the likelihood that Juan Jr. may have known the plaintiff. As the District Court properly concluded, none of these allegations give rise to an inference that Detective Koch withheld exculpatory evidence.

Finally, Delamota challenges the District Court's dismissal of his municipal liability claim brought under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Having concluded that Delamota failed to allege any deprivation of federal rights, we hold that the District Court properly dismissed Delamota's *Monell* claim. *See id.* at 690–91.

## CONCLUSION

We have reviewed all of the arguments raised by Delamota on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 24, 2016 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4